USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: OCT 19 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

MATTHEW D. WEITZMAN,

Defendant.

INFORMATION




**COUNT ONE**

(Investment Adviser Fraud)

The United States Attorney charges:

**Relevant Entities and Individuals**

1. At all times relevant to this Information, MATTHEW D. WEITZMAN, the defendant, was, along with his partner, one of the principals of AFW Asset Management Inc., doing business as AFW Wealth Advisers ("AFW"), a registered investment adviser since 1993.

2. At certain times relevant to this Information, AFW was a financial planning and investment management firm with offices in Purchase, New York and Natick, Massachusetts.

3. At all times relevant to this Information, assets of AFW clients were held at an independent brokerage firm (the "Brokerage Firm"). AFW had over $194,000,000 in assets under management at the end of 2008.

**Weitzman's Misappropriation of Client Funds**

4. Between in or about 2002 and in or about March 2009, MATTHEW D. WEITZMAN, the defendant, while acting as an investment adviser, fraudulently obtained over $7,000,000 of AFW investors' money in two principal ways. First, WEITZMAN submitted false and fraudulent documents to the Brokerage Firm, which purported to reflect clients' authorizations to obtain their funds. Second, WEITZMAN lied to clients about the purpose for which he would use their money, and thereby fraudulently obtained clients' consent to access their funds.

5. Between in or about 2002 and in or about March 2009, for example, MATTHEW D. WEITZMAN, the defendant, regularly submitted fraudulent letters of authorization to the Brokerage Firm as part of a scheme to misappropriate funds from client accounts. Each letter instructed the Brokerage Firm to transfer a particular client's funds to an AFW account over which WEITZMAN had control (the "AFW Account"). The letters appeared to have been signed by the client whose money was being transferred. In truth and in fact, however, as WEITZMAN well knew, the signatures on the letters were forged, and the clients had not given WEITZMAN authority to transfer their money into the AFW Account.

6. MATTHEW D. WEITZMAN, the defendant, also made misrepresentations to clients in order to misappropriate money that they had entrusted to AFW. For example, WEITZMAN repeatedly

sought authorization to sell securities in client accounts, purportedly to fund other investments. After obtaining a client's approval for the proposed transaction, the securities were sold, but rather than funding the investment WEITZMAN had described, the proceeds of the sale were transferred to the AFW Account.

7. Once MATTHEW D. WEITZMAN, the defendant, had transferred the funds to the AFW Account, he converted money in that account to his own personal use. Between 2002 and March 2009, WEITZMAN transferred or caused to be transferred over $7 million from the AFW Account to personal checking accounts under WEITZMAN's control.

**STATUTORY ALLEGATION**

8. From at least in or about 2002, up to and including in or about March 2009, in the Southern District of New York and elsewhere, MATTHEW D. WEITZMAN, the defendant, acting as an investment adviser to investors and prospective investors, unlawfully, willfully, and knowingly, by the use of the mails and the means and instrumentalities of interstate commerce, directly and indirectly, did (a) employ devices, schemes, and artifices to defraud clients and prospective clients, (b) engage in transactions, practices, and courses of business which operated as a fraud and deceit upon clients and prospective clients, and (c) engage in acts, practices, and courses of business that were fraudulent, deceptive, and manipulative, to wit, WEITZMAN schemed

to defraud investors whose money was managed by AFW by misappropriating over $7 million dollars from the investors, lying to the investors about how their money was invested, and converting investor funds to WEITZMAN's own use, without the permission and authorization of the investors.

(Title 15, United States Code, Sections 80b-6 and 80b-17; and Title 18, United States Code, Section 2.)

COUNTS TWO AND THREE
(Securities Fraud)

The United States Attorney further charges:

9. The allegations in paragraphs 1 through 8 of this Information are repeated and realleged as if fully set forth herein.

10. On or about the dates set forth below, in the Southern District of New York and elsewhere, MATTHEW D. WEITZMAN, the defendant, unlawfully, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, the mails and the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes and artifices to defraud, (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under

which they were made, not misleading, and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, WEITZMAN advised his clients to sell, or sold on their behalf, the securities listed below, on the approximate dates shown, under false pretenses, in order to misappropriate the proceeds of the sales for himself.

| COUNT | DATE | SECURITY | TRANSACTION |
|---|---|---|---|
| TWO | December 28, 2007 | International Business Machines Corp. | sold 200 shares |
| THREE | January 2, 2008 | Apple Inc. | sold 300 shares |

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5; and Title 18, United States Code, Section 2.)

COUNTS FOUR THROUGH EIGHT
(Wire Fraud)

The United States Attorney further charges:

11. The allegations in paragraphs 1 through 8 of this Information are repeated and realleged as if fully set forth herein.

12. On or about the dates set forth below, in the Southern District of New York and elsewhere, MATTHEW D. WEITZMAN, the defendant, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent

pretenses, representations and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, on or about the dates set forth below, WEITZMAN faxed or caused to be faxed false and fraudulent letters of authorization from New York to an office of a brokerage firm in Orlando, Florida, in order to induce the brokerage firm to release investors' funds to WEITZMAN, which funds WEITZMAN subsequently converted to his own use without the knowledge, authorization, or permission of the investors:

| COUNT | APPROXIMATE DATE OF WIRE | APPROXIMATE FUNDS INVOLVED |
|---|---|---|
| FOUR | August 12, 2008 | $32,500 |
| FIVE | August 27, 2008 | $40,000 |
| SIX | January 27, 2009 | $45,000 |
| SEVEN | February 10, 2009 | $35,000 |
| EIGHT | March 23, 2009 | $35,000 |

(Title 18, United States Code, Sections 1343 and 2.)

**FORFEITURE ALLEGATION**

13. As a result of committing one or more of the foregoing securities fraud offenses, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 18, United States Code, Section 371, and Title 17, Code of Federal

Regulations, Section 240.10b-5, as alleged in Counts Two and Three of this Information and the wire fraud offenses, in violation of Title 18, United States Code, Section 1343, as alleged in Counts Four through Eight of this Information, MATTHEW D. WEITZMAN, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the fraud offenses, including, but not limited to, the following:

a. At least approximately $7,212,032 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the charged securities fraud and wire fraud offenses; and

b. The real property, improvements, and appurtenances known and described as 16 Wrights Mill, Armonk, New York.

**Substitute Assets Provision**

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 15, United States Code, Sections 78j(b) and 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5;
Title 18, United States Code, Sections 981(a)(1)(C) and 1343;
Title 21, United States Code, Section 853(p); and
Title 28, United States Code, Section 2461.)

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

**- v. -**

MATTHEW D. WEITZMAN,

**Defendant.**

---

**INFORMATION**

09 Cr. ___ (AKH)

(Title 15, United States Code, Sections 80b-6, 80b-17, 78j(b) and 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5; Title 18, United States Code, Sections 1343 and 2;)

PREET BHARARA
United States Attorney.

---

[illegible] information filed
[illegible] arraigned on information
[illegible] Marc Mukasey; AUSA Joan Loughnane
[illegible] reporter Rebecca Forman pres. Deft enters
[illegible] guilty to information. PSI Ordered
[illegible] set for 1/29/2010 @ 11:00am. Bail
[illegible] to home detention w/electronic monitoring
[illegible] of work + religious services, ~~[illegible]~~ to
attendance of medical services, to begin when
[illegible] arrangements.

Hellerstein, J.