# BRESSLER, AMERY & ROSS

A PROFESSIONAL CORPORATION

P.O. Box 1980 · Morristown, NJ 07962

Hand Delivery:

325 Columbia Turnpike · Florham Park, NJ 07932

973 514.1200 · fax 973.514.1660

www.bressler.com

Frank J. Cuccio
Member

direct: 973-660-4446
fcuocio@bressler.com

April 1, 2010

**VIA FACSIMILE (212) 805.0426**

Hon. Laura Taylor Swain
United States District Judge
United States Courthouse
Courtroom: 11C
500 Pearl St.
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  0 1 APR 2010

> Re:  United States of America v. Matthew D. Weitzman
> No. 1:09- Cr.-00989 (LTS)

Dear Judge Swain:

Our firm represent Charles Schwab & Co., Inc. ("Schwab"). Schwab maintained accounts for the clients of AFW Asset Management, n/k/a AFW Wealth Advisors. Matthew D. Weitzman actively managed and had access to the assets in these accounts in his capacity as a principal of AFW. In October 2009, Weitzman pled guilty to forging signatures on letters of authorization for some of the AFW clients to initiate disbursements from their accounts. He is to be sentenced on April 9th for misappropriating monies from those AFW clients.

A number of AFW clients have initiated arbitrations and court actions against both AFW and Schwab and more such actions are anticipated. For this reason and as more fully described below, Schwab has an interest in the manner in which the monies forfeited by Weitzman are allocated among the alleged victims of his crimes.

New Jersey · New York · Florida

## BRESSLER, AMERY & ROSS

A PROFESSIONAL CORPORATION

Hon. Laura Taylor Swain
April 1, 2010
Page 2

Schwab respectfully submit that it would be unjust to permit Dr. Burton Langer, Weitzman's father-in-law, to share in the distribution of the assets Weitzman has forfeited. Schwab believes that Dr. Langer is not a victim of Weitzman's crimes, but rather knew about and authorized the disbursement of funds from his Schwab accounts as loans or gifts to Weitzman and his daughter. He now is attempting to recoup these loans or gifts at the expense of the true victims.

Dr. Langer's daughter, Susan Langer Weitzman, was one of the primary beneficiaries of the monies disbursed from Dr. Langer's accounts. Dr. Langer was well aware of the lavish lifestyle which his daughter and son-in-law enjoyed including purchasing and extravagantly decorating a multi-million dollar home in Armonk, New York. Dr. Langer lent them money over a number of years to fund their expenditures. Upon information and belief, at least some of these loans were documented. Dr. Langer now seeks to recover the amounts of these loans and/or gifts under the guise of restitution claims against Weitzman and damages claims against Schwab.

In November 2005, members of Schwab's compliance team contacted Dr. Langer by telephone to discuss what appeared to be questionable disbursements from Dr. Langer's account in 2005 totaling in excess of $1.4 million. Dr. Langer advised Schwab that the disbursements were loans he had made to his daughter and son-in-law. Dr. Langer further indicated that prior to 2005 he had loaned Weitzman $500,000 which Weitzman had repaid.

Dr. Langer also confirmed that he had received his account statements from Schwab and that his accountants were receiving duplicate copies of his statements. Among other things, the account statements identified disbursements such as wire transfers and checks. Schwab's

## BRESSLER, AMERY & ROSS
A PROFESSIONAL CORPORATION

Hon. Laura Taylor Swain
April 1, 2010
Page 3

compliance team advised Dr. Langer to review the disbursements identified on his statements with his accountants and inform Schwab if there were any discrepancies. From that point in late 2005 until after federal authorities began to investigate Weitzman's conduct in about March 2009, Dr. Langer never advised Schwab that any of the disbursements were unauthorized..

There are AFW clients who have genuinely been victimized by Weitzman's criminal activity. Dr. Langer does not fall into this category. Distribution of any of Weitzman's forfeited assets to Dr. Langer would enable him to recoup the loans and gifts he made to his daughter and son-in-law at the expense of the true victims. This result should not be permitted.

Schwab respectfully requests that the Court apply the forfeited assets toward the claims of the AFW clients whose money was actually stolen by Weitzman, and not permit Dr. Langer to benefit in any way from the distribution of these forfeited assets.

Respectfully Submitted,

Frank J. Cuccio/yre

Frank J. Cuccio

cc:    Marc L. Mukasey, Esq. (via facsimile – 212.938.3833)
       Joan M. Loughnane, Esq. (via facsimile – 212.637.2937)